# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51047

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

ANTHONY DANIEL GUEBARA, also known as Anthony Guebara

      Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-163-1

Before DAVIS, COSTA, and OLDHAM, Circuit Judges.

PER CURIAM:*

When sentencing Anthony Guebara for alien trafficking, the district court imposed a $5,000 special assessment under the Justice for Victims of Trafficking Act of 2015. *See* 18 U.S.C. § 3014(a)(5). That law requires a district court to impose the assessment for non-indigent defendants convicted of certain crimes, including immigration offenses "relating to human smuggling." *Id.* The district court ordered that the $5,000 be paid "on a schedule to be

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 17-51047

approved by [Guebara's] probation officer" while he served his three years of supervised release after release from prison.

Guebara first argues it was improper to consider his future earning capacity in determining he was not indigent. We recently rejected that argument. *See United States v. Graves*, -- F.3d --, 2018 WL 5839695, at *3–*5. (5th Cir. Nov. 8, 2018).

That leaves Guebara's challenge to the factual sufficiency of the district court's finding of non-indigency. The district court's ruling was not clearly erroneous given Guebara's sustained work history and absence of substantial liabilities (he and his family live in his mother's home, so there is not a rent or mortgage obligation). Guebara points to other factors that he argues support a finding of indigency such as his low wages and financial obligations involving his children. Although those facts may favor a finding of indigency, it was not clear error for the district court to find otherwise based on facts pointing in the opposite direction.

AFFIRMED.